UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SALADIN J. GIPSON, | ) | |
| plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. _____ |
| | ) | |
| UNITED STATES STEEL | ) | |
| CORPORATION and UNITED | ) | |
| STEELWORKERS 6103 | ) | |
| LOCAL CO, | ) | |
| defendants | ) | |

## Complaint

**A.      Preliminary Statement**

1.   Saladin J. Gipson, the plaintiff, was employed by United States Steel Corporation (USS)

at its Midwest Plant beginning on October 29, 2012.  While so employed, Saladin J. Gipson was

a member the United Steel Workers 6103 Local Co. (USW). On January 22, 2020 Mr. Gipson

was sent home from work at the Midwest Plant, and subsequently terminated.

**B.      Jurisdiction**

2.   Mr. Gipson filed a timely charge of discrimination in (Charge No. 24E-2021-00005) with

the Gary Human Relations Commissions (FERP) / Equal Employment Opportunity Commission

(EEOC) in alleging United States Steel Corporation's discrimination in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The EEOC issued a "Dismal and Notice

of Rights" (attached) to Mr. Gipson, which indicates it was mailed to him on November 24,

2020.

3.   Mr. Gipson filed a timely charge of discrimination (Charge No. 24E-2021-00009) with

the Gary Human Relations Commissions (FERP) / Equal Employment Opportunity Commission

(EEOC) in alleging United Steel Workers 6103 Local Co's discrimination in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The EEOC issued a "Dismal and Notice of Rights" (attached) to Mr. Gipson, which indicates it was mailed to him on January 20, 2021.

4.   This court has jurisdiction pursuant to 28 U.S.C. § 1331, and 42 U.S.C. §2000e-5(f)(1).

**C.      Parties**

5.   Mr. Gipson is a resident of Portage, Indiana, and was an employee of USS and a member USW between 2012 and 2020.

6.   Defendant USS is an "employer" as defined in Title VII, 42 U.S.C. § 2000e(b) and it is located at US-12, Portage, IN 46368, 1 Broadway, Gary, IN 46402, and 600 Grant St, Pittsburgh, PA, 15219.

7.   Defendant USW is a "labor organization" as defined in Title VII, 42 U.S.C. § 2000e(d) and is located 1919 Willowcreek Road, Portage, IN, 46368.

**D.      Factual allegations**

8.   USS hired Mr. Gipson on October 29, 2012 to work in its Midwest Plant located in Portage, Indiana. His position was Maintenance Tech.  Mr. Gipson became a member of USW, on or about November 28, 2012.  Mr. Gipson is an African-American male.

9.   On June 6, 2019, Mr. Gipson filed a charge of discrimination with the Gary Human Relations Commissions (FERP) / Equal Employment Opportunity Commission (EEOC) (Charge No. 24E-2019-00136) alleging that USS, through Domonic Banta, Maintenance Supervisor for USS, Tim Meredith, Forman for USW, and Jonathan Richman, Labor Relations for USS, had engaged in a pattern of discrimination beginning in February of 2019 though the time of its filing in June of 2019.  This pattern included suspending Mr. Gipson for alleged violations that similarly situated white employees received no discipline and refusing to train Mr. Gipson for his

work assignments while allowing similarly situated white employees to receive training,

Subsequently, the EEOC issued a Notice of Right to Sue Letter based on August 28, 2019.

10. Following Mr. Gipson's 2019 Charge of Discrimination, Dominic Bonta and

other members of management both discussed and enacted a plan to discharge Mr. Gipson from

employment.

11. Between February of 2019 and January of 2020 Mr. Gipson requested multiple times that

USW move him to a different work assignment due to the discrimination of Domonic Bonta,

Harry Mendoza (USS Department Head), Jonathan Richman and others at USS in the

Maintenance Department. USW refused to transfer him to a different work assignment. Mr.

Gipson requested this move several times to persons in union leadership, including, Tom Potter,

USW Vice President, Jason Shoemaker, and Dan Turpin.  USW leadership refused to allow Mr.

Gipson to change assignment, although they did allow a similarly situated white member changer

their assignment during the same period of time.

12. On January 22, 2020 Mr. Gipson was sent home and subsequently discharged for

allegedly failing to stabilize the "#2 Shear" machine.

13. Prior to January 22, 2020, USW management, including Harry Mendoza and Domonic

Bonta knew that the "#2 Shear" machine was unstable due to damaged foundation and other

working conditions involving the grade of steel, yet they still sent Mr. Gipson home and

requested he be discharged.

14. That in year following January 22, 2020, the same condition has occurred with "#2

Shear" machine at least three (3) times, and no employee has been disciplined or terminated for

the occurrences.

15. That following Mr. Gipson being sent home, he initiated the grievance process through

the USW and requested arbitration.  That he was given Mike Young, USW past president, by the USW to represent him in his grievance.

16. That USW refused to pursue Mr. Gipson's grievance and failed to give him any notice of any hearings, meetings, or negotiations.

17. That USW pursued other grievances through arbitration and gave notice to other members who were similarly situated to Mr. Gipson but not in his protected class.

18. That, without his knowledge or consent, USW made an agreement with USW that affirmed the discharge of Mr. Gipson.

19. Mr. Gipson was fired by USS from his Maintenance Tech position because he is African American.

20. Mr. Gipson was fired by USS from his Maintenance Tech position in retaliation for filing his 2019 Charge of Discrimination based USS's pattern of discrimination.

21. That USW refused to allow Mr. Gipson to move to another work assignment because he is African American.

22. That USW refused to pursue Mr. Gipson's grievance because he is African American.

23. As a result of the challenged actions of the defendants, Mr. Gipson lost wages and benefits and incurred mental and emotional distress.  The challenged actions of the defendants and their agents was intentional and with reckless indifference to the federally protected rights of the plaintiff.

**E. Legal claim**

24. The challenged discriminatory action of the defendant USS violates Title VII, specifically 42. U.S.C. § 2000e-2(a)(1) and 42. U.S.C. § 2000e-3(a).

25.  The challenged discriminatory action of the defendant USW violates Title VII,

specifically 42. U.S.C. § 2000e-2(c)(1).

**F.  Relief**

Wherefore, the plaintiff requests:

a.  a declaratory judgment determining that the challenged actions of the defendants violate

federal law, as set out in paragraphs 24 and 25 above;

b.  equitable relief in the form of lost wages and benefits and reinstatement or, in the

alternative, front pay/compensation.

c.  Compensatory and punitive damages, in an amount to be determined by the jury;

d.  Costs, including attorney fees, pursuant to 42 U.S.C. § 20003-5(k); and

e.  Pursuant to Rule 54(c), FRCP, all other appropriate relief.

**G.  Jury demand**

Pursuant to Rule 38(b), FRCP, the plaintiff demands trial by jury.

/s/ James Brandon Dillon
James Brandon Dillon
IN-Bar 31279-45
The Dillon Law Firm
P.O. Box 14223
Merrillville, IN 46410
(219)232-8284
thedillonlawfirm@gmail.com