**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SALADIN J. GIPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:21-CV-71-JTM-JEM |
| | ) | |
| UNITED STATES STEEL | ) | |
| CORPORATION and UNITED | ) | |
| STEELWORKERS 6103 LOCAL CO., | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Motion to Reconsider Sanctions Issued,

and Prohibition on Conducting Discovery and Motion for Clarification on Sanctions [DE 87]

filed on June 10, 2024.

On May 3, 2022, District Court Judge James T. Moody entered an Order [DE 31]

referring an underlying motion to dismiss as a discovery sanction [DE 28] to the undersigned

Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Neither party objected to the Court's Report and Recommendation imposing discovery

sanctions on Plaintiff for his failure to participate in discovery [DE 32], and District Court

Judge Moody accepted the report and recommendation on February 3, 2023 [DE 47]. Now

represented by a new attorney, Plaintiff seeks reconsideration of the Order recommending

discovery sanctions [DE 32] accepted at [DE 47], as well as a reconsideration of the Order

imposing fees following a motion to compel [DE 23]. Plaintiff argues that his failure to

1

participate in discovery was due to his previous attorney and was not known to Plaintiff at that time. The request to reconsider the Order imposing attorney fees at [DE 23] is not subject to the referral from the District Court, but the request to reconsider the Report and Recommendation and Order limiting Plaintiff's discovery as a discovery sanction [DE 32], adopted at [DE 47] is.

This Order constitutes the undersigned Magistrate Judge's proposed findings and recommendations on the motion to reconsider the Order on the motion for dismissal or other discovery sanctions pursuant to 28 U.S.C. § 636(b)(1)(C)

For the reasons discussed at the hearing on May 30, 2024, the Court denies the request to reconsider the attorneys' fees award [DE 23] or apportion the fees between Plaintiff and his prior attorney at this time.

## I.    Background

On December 9, 2021, the Court granted a motion to compel filed by Defendant United States Steel Corporation ("USS") and ordered Plaintiff "to tender to United States Steel Corporation, on or before January 3, 2022, all responsive documents, in compliance with Rule 34." USS filed an itemization of fees, and on February 2, 2022, the Court ordered Plaintiff or his counsel, Attorney Dillon, to reimburse USS for its costs relating to the motion to compel in the sum of $5,980.00 "within a reasonable time." To date, neither Plaintiff nor Attorney Dillon have reimbursed USS those costs.

Plaintiff also failed to respond to USS's attempts to obtain agreement regarding a mediator and failed to respond to USS's attempts to schedule Plaintiff's deposition. Plaintiff

2

did not appear for his deposition noticed for March 22, 2022, and had not provided supplemental discovery response to Defendants as of March 22, 2022. On March 22, 2022, counsel for all Defendants received an email from Attorney Dillon indicating that he had mis-calendared the deposition and offering to pay costs. Defendants' counsel advised Attorney Dillon that costs related to the missed deposition totaled $3,390.80. Neither Plaintiff nor Attorney Dillon has paid those costs to date, nor rescheduled the deposition.

Plaintiff filed a Chapter 13 bankruptcy petition on February 17, 2022. Plaintiff's list of assets did not include this lawsuit, and Plaintiff's list of creditors did not include any reference to the sanctions ordered to be paid to Plaintiff in this lawsuit pursuant to the February 2, 2022, Order on the Defendants' Motion to Compel. On March 21, 2024, Plaintiff's bankruptcy was dismissed.

In August 2022, Plaintiff, individually, sent two letters to the Court advising the Court that he had been unable to contact his counsel for many months. Plaintiff appeared at a September 15, 2022, hearing but Attorney Dillon did not, and Attorney Dillon also failed to appear at a subsequent show cause hearing or to show cause for those failures. Attorney Dillon's representation of Plaintiff was withdrawn. On December 15, 2022, Attorney Dillon finally appeared, and at that hearing agreed to an assessment of fees for Defendants' counsels' appearances on September 15, 2022, and October 20, 2022. As of February 2, 2023, he had not paid the sanction. Attorney Dillon again failed to appear at a hearing set for April 6, 2023. Mail to Attorney Dillon has been returned undeliverable as the mailbox was closed. Attorney Dillon has now been suspended from the practice of law.

3

On May 12, 2022, the Court recommended that Defendants' motion to dismiss or in the alternative to limit Plaintiff's discovery as discovery sanctions be granted in part, and on February 3, 2023, District Court James T. Moody adopted the report and recommendation denying Defendants' request for dismissal as a discovery sanction but barring Plaintiff from conducting discovery and permitting Defendants to complete outstanding discovery [DE 47].

Thereafter, on March 14, 2023, Attorney Tutwiler accepted the Court's request that she represent Plaintiff. At a telephonic scheduling conference on May 30, 2024, the Court set new discovery deadlines and ordered Plaintiff to file any motion seeking relief from the limitations set forth in by June 10, 2024. Plaintiff, by new counsel, filed the instant motion on June 10, 2024, and Defendants filed their responses on June 17, 2024. Plaintiff has not filed a reply, and the time to do so has passed.

## II.    Analysis

Plaintiff seeks a reconsideration of the sanctions that he be barred from conducting discovery and that he or his prior counsel be ordered to pay attorneys' fees. In particular, Plaintiff seeks to have the attorneys' fees award apportioned solely to Attorney Dillon and requests that he be allowed to conduct discovery, arguing that the problematic conduct was due to the actions of his prior counsel and not of Plaintiff himself or his current attorney. Defendants argue that the limitation on Plaintiff conducting discovery should remain in force, and that the fees awards should remain against Plaintiff and/or Attorney Dillon. For the reasons discussed at the hearing on May 30, 2024, the Court will not apportion the fee awards at this time. The Court does find that the fact that Attorney Dillon was inattentive to this case and

4

consistently failed to abide by orders of the Court to be compelling reasons to reconsider the portion of the report and recommendations which limited Plaintiff's ability to conduct discovery. Accordingly, Plaintiff may now conduct discovery, consistent with the deadlines set forth in the scheduling order entered May 30, 2024 [DE 86].

Defendants sought, as an alternative to dismissal, that Plaintiff be barred from conducting discovery. The Court recommended that request be granted based on Plaintiff's apparent failure to participate in discovery. However, upon reconsideration it appears that Plaintiff's failure to participate in discovery was primarily attributable to his previous, now suspended, counsel. Therefore, the Court reconsiders its previous report and recommends that Plaintiff be permitted to expeditiously conduct discovery. The Court has discretion in fashioning discovery sanctions, and, because it is not apparent that the failure was due to any conduct by Plaintiff, it would be inequitable to restrict him from conducting any discovery. Plaintiff is warned that discovery must be conducted as quickly as possible, and that his full cooperation is expected.

## III.    Conclusion

For the foregoing reasons, the Court: **DENIES in part with leave to refile following the close of discovery** Plaintiff's Motion to Reconsider Sanctions Issued, and Prohibition on Conducting Discovery and Motion for Clarification on Sanctions [DE 87] to the extent that it requests a reconsideration of the order for fees [DE 23] and requests apportionment of the fees between Plaintiff and his previous attorney; and **RECOMMENDS** that the District Court **RECONSIDER** its Order at [DE 47] to permit Plaintiff to conduct discovery in accordance

with the discovery deadlines set forth by the Court on May 30, 2024 at [DE 86].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 19th day of July, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record